### ANN GAVIN *vs.* THOMAS MURPHY and Wife.

#### ·June 29, 1878.

**Equity—Mutual Mistake.**—The facts in this case considered, and *held* to furnish no ground for granting relief to the plaintiff, either by reforming a certain deed, or rescinding the same and awarding compensation, or by decreeing a specific performance of an alleged agreement.

Appeal by plaintiff from an order of the district court for Ramsey county, *Brill,* J., presiding, refusing a new trial.

*O'Brien & Eller,* for appellant.

*Morris Lamprey,* for respondent.

BERRY, J. The facts of this case, as found by the court below, are these: On July 10, 1871, the defendants (who are husband and wife) and the plaintiff entered into a parol agreement, whereby defendants agreed to sell and convey to plaintiff, and plaintiff agreed to purchase of defendants, for the price of five hundred dollars, a parcel of land 40 by 110 feet, to be selected by the parties out of a larger tract owned by defendant Thomas, and situated in the city of St. Paul. From the location of the tract and of certain streets, it was supposed by the parties that a street called Melrose avenue might at some future time be extended and opened by the

city across said tract, and as a part of the agreement aforesaid, it was agreed "that the parcel so sold and conveyed by defendants to plaintiff should be exclusive of Melrose avenue, and that it should be so selected that no part of it should come within Melrose avenue when extended and opened, if ever." In pursuance of their agreement, the parties selected from the tract mentioned a certain parcel, believing that the same would be "exclusive of Melrose avenue, if the same should be opened and extended as aforesaid." Plaintiff had said parcel surveyed, and thereupon, on July 10th, aforesaid defendants executed and delivered to plaintiff a deed of the same, and plaintiff, having paid the purchase-money agreed upon, took actual possession of the parcel, and ever since has been and now is in possession.

At the time when the sale and conveyance were made, the city did not contemplate the opening or extension of Melrose avenue across the tract mentioned, neither had any action been taken towards procuring such opening or extension, and the parties did not and could not then know that it ever would be opened or extended, or what portion of the tract would be taken if it ever should be opened. On April 13, 1875, the city commenced proceedings for the purpose of opening said avenue across said tract of land, and such proceedings were thereupon had that before the commencement of this action, the same was duly opened and extended across said tract, and across a portion of the parcel conveyed as aforesaid to the plaintiff, and such portion has been condemned by, and the title thereof become vested in, said city. Until the summer of 1877, the parties did not know where the lines of said avenue would run, or what land would be taken therefor. Plaintiff made no objection to the description of the parcel of land conveyed to her as aforesaid, until sometime in the summer of 1877, when she ascertained that a portion of said parcel was taken by said avenue. Upon this state of facts, the court below came to the conclusion that the plaintiff was entitled to no relief.

The plaintiff insists that she is entitled to have the deed reformed as respects the description of the premises conveyed by it, or to have the agreement entered into between her and the defendants specifically performed. Where a deed is reformed as respects the description of the premises conveyed by it, it is upon the ground that the description is not what the parties intended. If the description is that which the paties intended it to be, it needs no reformation, and none can be granted. The application of this rule disposes of the plaintiff's claim of a reformation in this case. By the terms of the agreement, the parties were to select a parcel of land no part of which should fall within the limits of Melrose avenue, when extended and opened, if it ever was. It was not certain that the avenue ever would be extended or opened, or what portion of the tract out of which the selection was to be made would be occupied by it, if it ever was opened. Its course, therefore, in case it should be extended and opened, was matter of conjecture. Upon this basis of understood conjecture, a parcel was selected by the parties, and conveyed to the plaintiff by the deed now sought to be reformed. The result is that the description found in the deed, which is a description of the land thus selected, is the exact description which the parties intended. That the deed did not fulfil the expectations of the parties, or either of them, is not important. It was made just as they intended to make it. The description was of the very land which the parties had selected, but, in making the selection, they erred in a matter of pure conjecture as to a future event. Such a state of facts furnishes no ground for a reformation of the deed.

The claim of specific performance must also be denied. The parties did just what they agreed to do, and what they intended to do. They were to select a certain parcel of land upon what was, as we have seen, a basis of pure conjecture. They made the selection upon this basis, and the plaintiff received a conveyance accordingly. The thing which they

agreed to do, and intended to do, is already performed, and there is no occasion for any further performance.

The parties might have agreed that if the avenue should be extended and opened across the parcel selected and conveyed to the plaintiff, then, and in that case, the defendants should convey to her other land, in lieu of, and as an equivalent for, the land taken by the avenue. The agreement might then have been what the plaintiff supposes the agreement which was really made to have been, and, if in other respects valid, the plaintiff might have been entitled to some such relief as she seeks in this action. But the case thus supposed is entirely different from the case actually presented.

It is not altogether clear to us whether the plaintiff's brief claims that in any event she is entitled to have the deed rescinded, and compensation awarded her, or not; but if any such claim is made, no further argument can be needed to show its untenability.

As to the newly-discovered evidence, it is apparent that it is wholly irrelevant, unless the complaint was amended. As the court below declined to permit the complaint to be amended, and there is no reason for supposing that it abused its discretion in so doing, it is evident that the motion for a new trial, so far as it was based upon the newly-discovered evidence, was properly denied.

This disposes of the case, the result being that the order denying a new trial is affirmed.